# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| FINANCIAL FEDERAL CREDIT, INC.,<br><br>                      Plaintiff,<br><br>vs.<br><br>KENWOOD CONTRACTING, LTD,<br>GEORGE J. HENNESSEY & PEGGY<br>HENNESSEY,<br><br>                      Defendants. | No. 04mc81<br><br>**ORDER** |

This matter comes before the court pursuant to defendants' February 2, 2006 motion to quash garnishment, vacate judgment and for injunctive relief (docket number 5). Plaintiff resisted defendant's motion on February 15, 2006. The court heard oral argument on defendants' motion on March 15, 2006, at which the defendants were represented by John Ehrhart and the plaintiff was represented by Phil Burian. For the reasons set forth below, defendants' motion is denied.

## PROCEDURAL HISTORY

On January 16, 2004, the plaintiff, Financial Federal Credit, Inc. ("FFCI") filed suit against defendant George Hennessey and Peggy Hennessey in the United States District Court for the Southern District of Texas, Houston Division (hereafter referred to as the "Texas lawsuit"). The Texas lawsuit arose from personal guarantees the Hennesseys executed for loans obtained by Absolute Disposal L.C. from FFCI. The personal guarantees executed by the Hennesseys contained the following provisions:

> Guarantor acknowledges and agrees that Guarantor's obligations hereunder shall be secured by any security agreement of pledge executed by Guarantor in favor of FFCI, whether now existing or hereafter executed.

> **GUARANTOR DOES HEREBY AGREE TO THE JURISDICTION AND VENUE OF ANY COURT LOCATED IN HARRIS COUNTY, TEXAS, REGARDING ANY MATTER ARISING HEREUNDER.**

See FFCI Exhibit 1 (emphasis in the original).

The Hennesseys received a copy of the lawsuit via certified mail on January 21, 2004. See FFCI Exhibit 3. The Hennesseys filed no responsive pleading in the Texas lawsuit. On February 19, 2004, FFCI moved for a default judgment in the Texas lawsuit. See FFCI Exhibit 4. The Hennesseys received a copy of this motion as well, but again made no response. On March 29, 2004, the Texas court entered default judgment against the Hennesseys. See FFCI Exhibit 5. There is no evidence that the Hennesseys have ever attempted to secure any relief from this judgment in the Texas court.

On August 26, 2004, FFCI registered the judgment in this court. On or about January 17, 2006, the Linn County Sheriff issued Notices of Garnishment to various Cedar Rapids banks. Wells Fargo Bank answered that it owed one or more of the defendants $96,421.77 and Farmers State Bank answered that it owed one or more of the defendants approximately $27,000.

On February 2, 2006, the Hennessey's filed the instant motion. In response to some of the issues raised in the Hennessey's motion, FFCI reduced the amount due on the judgment to reflect the proceeds it has received for the surrendered collateral, filed a partial satisfaction of judgment in this court, and released all funds garnished except for $82,366.52, which is the adjusted amount due on the judgment according to FFCI. Per docket number 13, entered on March 21, 2006, the Clerk of Court for the Northern District of Iowa received a $81,992.74 check from the Linn County Sheriff, which presumably represents the garnished funds ($82,366.52 - $373.78 in fees).

## THE PARTIES' ARGUMENTS

The Hennesseys lodge numerous attacks against the judgment entered against them.

First, the Hennesseys claim that the Texas court lacked personal jurisdiction over them prior to the entry of the default judgment. Second, the Hennesseys claim that the amount of the judgment was erroneous. The Hennesseys further claim that the amount was erroneous because their personal guarantees extended only to three loans, whereas the judgment entered reflected two additional loans which they entered into prior to the execution of their personal guarantee. At the hearing, Mr. Ehrhart requested a detailed and separate accounting on the five loans at issue, showing specifically where and how any proceeds have been applied. Third, the Hennesseys complain that FFCI improperly garnished an account of Chase Hennessey, the Hennessey's son, who was not a party to the action. The Hennesseys request that this court issue an injunction directing the Linn County Sheriff to hold all garnished assets and make no distribution of any funds until this motion has been decided. The Hennesseys further request that the judgment be vacated and that the execution and garnishment be quashed.

FFCI characterizes the Hennessey's motion as an "improper collateral attack against a valid judgment" entered in the Texas lawsuit. FFCI argues that the forum selection clause in the personal guarantees establishes that jurisdiction was proper in Texas, and that the terms of the personal guarantee expressly state that the Hennessey's personal guarantees apply to precedent debt later acquired by FFCI. FFCI further responds that the amount garnished has been reduced to account for the application of credits raised by the Hennesseys' motion, rendering moot the Hennessey's arguments regarding calculation of the remaining amount due. FFCI has released the funds of Chase Hennessey, also rendering moot the Hennessey's arguments as to the garnishment of his account. FFCI argues also that the Hennesseys waited an unreasonably long time following the entry of the judgment to file their motion attacking it. In sum, FFCI contends that the Hennesseys cannot satisfy any of the requirements of the applicable provisions of Fed. R. Civ. P. 60(b), such as to entitle them to set aside the properly obtained and valid default judgment.

According to FFCI, the only relief the Hennesseys are even arguably entitled to is to stay the Iowa lawsuit while the matter is resolved in Texas.

## RULE 60 RELIEF FROM JUDGMENT OR ORDER

Fed. R. Civ. P. 55(c) provides that "[f]or good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b). Fed. R. Civ. P. 60(b) provides, in pertinent part:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: . . . (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time . . . .

Chief Judge Bennett addressed the legal parameters of Rule 60(b) extensively in Murray v. Solidarity of Labor Organization Int'l Union Benefit Fund, 172 F. Supp.2d 1134 (N.D. Iowa 2001). First, in considering whether the Rule 60(b) motion in Murray was filed within a "reasonable" time as required by Rule 60(b), the court noted that reasonableness is "dependent on the particular facts of the case in question and is reviewed for abuse of discretion." Id. at 1151 (quoting Watkins v. Lundell, 169 F.3d 540, 544(8th Cir.), cert, denied, 528 U.S. 928 (1999)). Further as to the reasons for relief, the court explained that "[r]elief under rule 60(b) is an extraordinary remedy, since exceptional circumstances must exist to justify intrusion into the sanctity of a final judgment." Id. (internal citation omitted). See also Capitol Life Ins. Co. v. Schnure, 665 F.2d 237 (8th Cir. 1981) ("It is axiomatic that Rule 60(b) may not be used as a substitute for an appeal.")

In this case, the Hennesseys waited nearly two years after the default judgment entered in the Texas lawsuit to attempt to have it set aside here in Iowa. The Hennesseys

have never alleged that they did not know about the Texas lawsuit, and have not proffered any reason for the delay in attacking the judgment. They received copies of the lawsuit, of FFCI's motion for default judgment, and of the default judgment itself. Obviously, they were only sprung into action when their bank accounts were frozen. Under these facts, the court finds that the Hennessey's motion to set aside the judgment was not made within a reasonable time and denies it for that reason. See id. at 1152 ("This is not a situation in which the defendant simply did not know about the default judgment, but a situation in which the defendant was pleased to bury its head in the sand for five months after accepting a representation of counsel concerning the status of the default judgment that should have been viewed very skeptically under the circumstances, even by an unsophisticated litigant.")[1]

Rule 60(b)(4) provides that a judgment may be set aside if it is "void." The court construes the Hennessey's personal jurisdiction argument as a claim that the judgment is void as it was entered by a court lacking personal jurisdiction over the Hennesseys at the time the judgment was entered. The court rejects this argument. The personal guarantees admittedly signed by the Hennesseys contained an express forum selection clause, i.e. "**GUARANTOR DOES HEREBY AGREE TO THE JURISDICTION AND VENUE OF ANY COURT LOCATED IN HARRIS COUNTY TEXAS, REGARDING ANY MATTER ARISING HEREUNDER.**" See FFCI Exhibit 1 (emphasis in the original).

Such forum selection clauses have routinely been upheld. See M/S Bremen v. Sapata Off-Shore Co., 407 U.S. 1 (1972); Servewell Plumbing, LLC v. Federal Ins. Co., __ F.3d __, 2006 WL 488412 (8th Cir. March 2, 2006) (noting that "forum selection clauses are prima facie valid and are enforced unless they are unjust or unreasonable or

---

[1] Although finding that the Hennessey's delay in bringing the motion to set aside was not reasonable is dispositive of their motion, the court will nonetheless address the other issues raised by the parties.

invalid.") (citations omitted); United Fire & Cas. Co. v. Applied Fin., Inc., 397 F. Supp.2d 1086, 1094-95 (N.D. Iowa 2005); EFCO Corp. V. Norman Hwy. Constr., Inc., 606 N.W.2d 297, 299 (Iowa 2000). See also Haynsworth v. The Corporation, 121 F.3d 956, 963 (5th Cir. 1997) (noting that the presumed validity of a forum selection clause "may be overcome, however, by a clear showing that the clause is 'unreasonable' under the circumstances") (quoting Bremen, 407 U.S. at 10). "Unreasonableness potentially exists where (1) the incorporation of the forum selection clause into the agreement was the product of fraud or overreaching; (2) the party seeking to escape enforcement 'will for all practical purposes be deprived of his day in court' and because of the grave inconvenience or unfairness of the selected forum; (3) the fundamental unfairness of the chosen law will deprive the plaintiff of a remedy; or (4) enforcement of the forum selection clause would contravene a strong public policy of the forum state." Id. The party challenging a forum selection clause bears a heavy burden of proof. Id.

The Hennesseys have made no allegations of fraud or overreaching. To the extend that the Hennesseys were deprived their day in court, it was only because they chose not to appear and defend the lawsuit. Moreover, there is no evidence that upholding the forum selection clause would be fundamentally unfair or would contravene the public policy of the state of Texas. The Hennesseys' argument that the court lacked personal jurisdiction over them with respect to the two loans they allege were entered into prior to their personal guarantees likewise lacks merit as the Texas court would clearly have supplemental jurisdiction over such claims. Therefore, the default judgment in this case is not void for lack of personal jurisdiction and will not be set aside pursuant to Rule 60(b)(4).

Rule 60(b)(5) provides that a court may relieve a party from final judgment if the judgment has been satisfied, released, or discharged. The Hennesseys dispute the amount of the judgment and claim that they have not received all of the credits against the judgment to which they are entitled. The Hennesseys further argue that they are not liable

6

for the two loans made prior to their signing the personal guarantees. FFCI counters that the personal guarantees extend to the two prior loans, noting that the contracts signed by the Hennesseys provide that their "obligations hereunder shall be secured by any security agreement or pledge executed by Guarantor in favor of FFCI, whether now existing or hereafter executed." The Hennesseys want to conduct discovery to obtain a detailed accounting with respect to each of the five individual loans, showing exactly what amounts were credited to each loan and when.

As set forth above, relief under Rule 60(b) is an extraordinary remedy, appropriate only under exceptional circumstances. The Hennesseys had actual knowledge of the lawsuit and of FFCI's motion for default judgment. They had every opportunity to raise the very issues they are now raising, nearly two years after judgment has entered. The court is not inclined to grant the Hennessey's request to engage in detailed discovery regarding the five separate accounts, which have long since been reduced to one judgment. Had the Hennesseys wished to defend the factual basis of this lawsuit, they should have done just that, in Texas, two years ago. This motion is woefully late and the judgment will not be set aside pursuant to Rule 60(b)(5).

Rule 60(b)(6) provides that a final judgment may be set aside for "any other reason justifying relief from the operation of the judgment." As set forth above, the court finds no reason to justify relief from the operation of the judgment, especially considering the sizable delay in bringing the motion.

## MOTION TO QUASH GARNISHMENT

The Hennesseys alternatively move to quash the garnishment, served on them on January 23, 2006. In support of their motion, the Hennesseys rely on Iowa Code §642.15 which provides, in pertinent part:

> The defendant in the main action may, by a suitable pleading filed in the garnishment proceedings, set up facts showing that the debt or the property with which it is sought to charge the

> garnishee is exempt from execution, or <u>for any other reason is not liable for plaintiff's claim</u> . . . If such debt or property, or any part thereof, is found to be thus exempt or not liable, the garnishee shall be discharged as to that part which is exempt or not liable.

Iowa Code §642.15 (emphasis added). FFCI resists the motion to quash, arguing that it is moot as it relates to the accounts on which Chase Hennessey is a joint owner, as FFCI has released those accounts in their entirety. With respect to the other accounts, FFCI contends that the Hennessey's motion to quash should be denied for the same reasons that the Hennessey's motion to set aside default judgment should be denied.

The Hennesseys have provided no factual basis or legal authority to support their argument that the monies in the account to be garnished are exempt from garnishment for any reason, except for the arguments advanced and rejected by the court as part of their Rule 60(b) motion.

## STAY OF PROCEEDINGS

<u>Fed. R. Civ. P.</u> 62(b) provides, in pertinent part:

> In its discretion and on such conditions for the security of the adverse party as are proper, the court may stay the execution of or any proceedings to enforce a judgment pending the disposition of a . . . motion for relief from a judgment or order made pursuant to rule 60.

As set forth above, this court is unwilling to vacate the default judgment or quash the garnishment. However, so as to afford the Hennesseys an opportunity to pursue relief from the Texas court that actually entered the judgment, the court will stay the execution of the garnishment for 60 days. Within 60 days of this order, the parties shall file in this court status reports advising as to the status of any such efforts in the Texas court.

8

Upon the foregoing,

IT IS ORDERED that the defendants' motion to vacate judgment is denied, as is their motion to quash garnishment (docket number 5). This matter shall be stayed, however, for 60 days so that the defendants may pursue whatever relief they deem appropriate from the Texas court. Within 60 days of this order, the parties shall file a status report advising to the status of any such efforts in Texas.

March 23, 2006.

JOHN A. JARVEY
Magistrate Judge
UNITED STATES DISTRICT COURT